UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SANDHYA CHALASANI,

                                   **Plaintiff,**                      13-CV-06535 (LAK)(SN)

             -against-                                     **REPORT AND
RECOMMENDATION**

JUDGE FRAN, et al.,

                                **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE LEWIS A. KAPLAN:**

In this action, *pro se* plaintiff Sandhya Chalasani brings claims against defendants Fran Judge,[1] Kathy Kelly and Alan Sieler (collectively, the "individual defendants") and United Cerebral Palsy ("UCP") under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("§ 1981"). The defendants moved to dismiss Chalasani's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted on the grounds that they are time-barred; Chalasani argued in opposition that she is entitled to equitable tolling. For the following reasons, I recommend that the defendants' motion be GRANTED and that Chalasani's case be dismissed.

## BACKGROUND

This case features a lengthy but relevant procedural history, which makes a close examination of the underlying facts unnecessary. Chalasani is a former employee of UCP. Kelly, who was UCP's Director of Clinical Services, hired her to work there as a part-time consultant in

---

[1] Judge is referred to as "Judge Fran" in the caption but "Fran Judge" in the text of Chalasani's complaint.

November 2002, and Judge, UCP's Director of Residential Services, hired Chalasani full-time in June 2003. Sieler was UCP's Director of Human Resources. On January 13, 2008, Chalasani filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against UCP under Title VII, alleging discrimination on the bases of race and national origin, as well as retaliation, starting on July 31, 2007. On January 30, 2008, UCP fired Chalasani, claiming insubordination, tardiness and poor performance. On October 14, 2009, the EEOC issued Chalasani a Notice of Right to Sue Letter, which she received October 16, 2009.

On February 9, 2010, Chalasani brought the first in what would become a series of complaints against UCP. This complaint listed only UCP as a defendant and invoked only Title VII. On June 27, 2011, the Honorable Debra C. Freeman issued a Report and Recommendation recommending that Chalasani's case be dismissed without prejudice under Rule 37(b) of the Federal Rules of Civil Procedure for failure to comply with a discovery order and Rule 41(b) for failure to prosecute. On August 10, 2010, the Honorable George B. Daniels adopted Judge Freeman's report in full. See Chalasani v. United Cerebral Palsy, 10 Civ. 01045 (GBD)(DF), 2011 WL 2207567, at *1 (S.D.N.Y. June 1, 2011) ("Chalasani I") report and recommendation adopted, 2011 WL 3586439 (Aug. 10, 2011).

On January 9, 2012, Chalasani filed a new claim based on the same set of facts. This case also listed only UCP as a defendant. This time, in addition to Title VII, Chalasani also invoked § 1981; the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*; the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.*; and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq.* On May 22, 2012, the Hon. Richard J. Sullivan dismissed without prejudice Chalasani's second complaint under Rule 4(m) for failure to effectuate service and Rule 41(b) for failure to prosecute, and the case was closed. Chalasani v.

United Cerebral Palsy, 12 Civ. 0223 (RJS) (S.D.N.Y. May 22, 2012) ("Chalasani II"). On August 9, 2013, Chalasani filed a motion for reconsideration, which Judge Sullivan denied on August 13, 2013. On September 9, 2013, Chalasani appealed Judge Sullivan's denial of her motion for reconsideration.

On September 13, 2013, Chalasani filed this complaint ("Chalasani III") against UCP and the individual defendants. The complaint invokes Title VII and § 1981. On May 13, 2014, I issued a Report and Recommendation recommending that Chalasani's claims be dismissed without prejudice pursuant to Rule 41(b). On May 29, 2014, Chalasani objected, and on June 3, 2014, in light of a letter from Chalasani indicating that she was in the United States and prepared to litigate her case, I vacated my Report and Recommendation. On August 1, 2014, the defendants moved to dismiss the complaint under Rule 12(b)(6). On November 13, 2014, Chalasani filed her opposition papers. On November 17, the defendants filed their reply.

In the midst of the motion practice in Chalasani III, on September 2, 2014, the Court of Appeals for the Second Circuit issued a summary order affirming Judge Sullivan's order dismissing Chalasani's complaint in Chalasani II. See Chalasani v. United Cerebral Palsy, 574 F. App'x 14 (2d Cir. 2014).

## DISCUSSION

**I.  Standard of Review**

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must take "factual allegations [in the complaint] to be true and draw[] all reasonable inferences in the plaintiff's favor." Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009) (citation omitted). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v.

Belden, 754 F.2d 1059, 1067 (2d Cir. 1985) (citation omitted). The Court should not dismiss the complaint if the plaintiff has provided "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that [the Court] must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id.

The Court may consider any written documents that are attached to a complaint, incorporated by reference, or are "integral" to it. Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004). This includes documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002). The Court "may also look to public records . . . in deciding a motion to dismiss." Taylor, 313 F.3d at 776.

When faced with a *pro se* litigant, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that [it] suggest[s]." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (citation and internal quotation marks omitted). See Haines v. Kerner, 404 U.S. 519, 520–21 (1972). "Even in a *pro se* case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis, 618 F.3d at 170 (internal quotation marks omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.

4

## II.   Analysis

The defendants assert that Chalasani's claims are time-barred. Chalasani argues that she is entitled to equitable tolling. I find that the defendants are correct, and that Chalasani does not meet the standards for equitable tolling.

### A.   Statutes of Limitations

"A Title VII action must be brought within 90 days of receipt of an EEOC right-to-sue letter. See 42 U.S.C. § 2000e–5(f)(1)[]. In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the 90–day limitations period." Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) (citations omitted). See Copeland v. Rosen, 25 F. App'x 17, 19 (2d Cir. 2001) (citing Minnette). Thus, Chalasani had 90 days from her October 16, 2009 receipt of the EEOC's Right to Sue letter in which to file her Title VII complaint. This is "not a jurisdictional prerequisite to filing a Title VII suit, but a requirement subject to waiver as well as tolling when equity so requires." Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982). See, e.g., Elgendy v. City of New York, 99 Civ. 5196 (JGK), 2000 WL 1119080, at *1 n.1 (S.D.N.Y. Aug. 7, 2000) (citing Zipes for the proposition that the 90-day requirement "is treated like a statute of limitations, subject to waiver, estoppel, and equitable tolling").

Section 1981 claims accrue at the date of the discriminatory act, which may be an employment action such as wrongful termination, or an act preceding the employment action that gives the plaintiff sufficient notice of discrimination. See Chardon v. Fernandez, 454 U.S. 6, 8 (1981) (termination notices, rather than date of termination, triggered § 1981 statute of limitations); Anatsui v. Food Emporium, 99 Civ. 1337 (JGK), 2000 WL 1239068, at *5 (S.D.N.Y. Sept. 1, 2000) ("A plaintiff's section 1981 claim accrues, and the limitations period

begins to run, when the plaintiff has notice of the act that is claimed to have caused the injury." (internal quotation marks and citation omitted)). The statute does not contain its own statute of limitations. Prior to 2004, federal courts were bound to select "the most appropriate or analogous state statute of limitations" to limit such claims. Goodman v. Lukens Steel Co., 482 U.S. 656, 660 (1987). After the December 1, 1990 passage of 28 U.S.C. § 1658, however, which places a four-year limitation on actions arising under acts of Congress enacted after § 1658, the Supreme Court held that the new four-year limitation applied to cases such as Chalasani's that invoke § 1981 in alleging employment actions based on race, including wrongful termination. Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 383 (2004). The Court of Appeals has cited Jones for a simpler explanation of the modern time limit for § 1981: "[T]he statute of limitations for a § 1981 claim is four years." Lawson v. Rochester City Sch. Dist., 446 F. App'x 327, 328 (2d Cir. 2011) (citing Jones, 541 U.S. at 382).

Chalasani's claims in this action are clearly time-barred under the applicable statutes of limitations. The statutory period for Chalasani to file her Title VII claim expired January 14, 2010. Giving her the latest possible date for accrual of her § 1981 claim, that period expired January 30, 2012, four years after the date she was fired. Chalasani's complaint in this case was filed September 13, 2013, well after both statutes had run. Neither cause of action was tolled by Chalasani's prior complaints.

The dismissal of a case without prejudice does not toll the statute of limitations for the underlying causes of action. Judge Freeman directly warned Chalasani of this consequence in the context of Title VII, noting in her Report and Recommendation that "[p]laintiff should be aware that, if the instant action is dismissed, its pend[e]ncy would not have tolled the relevant statute of limitations, and thus any reasserted claims would have to be asserted within the applicable

limitations period." Chalasani I, 2011 WL 2207567, at *10 n.4. Thus, even if Chalasani only examined legal papers sent directly to her, she could not plausibly argue that she was unaware of the proper tolling procedure. "The mere filing of a suit . . . within the limitations period [does] not forever toll [the relevant] statute of limitations." M.W. Zack Metal Co. v. Int'l Nav. Corp. of Monrovia, 675 F.2d 525, 528-29 (2d Cir. 1982). Additionally, this is a basic element of federal civil procedure to which a *pro se* plaintiff must adhere. See Reape v. New York Daily News, 86 Civ. 3129 (CPS), 1996 WL 118552, at *2 (E.D.N.Y. Feb. 26, 1996) aff'd, 112 F.3d 505 (2d Cir. 1996) (applying M.W. Zack Metal Co. principle to *pro se* plaintiff's Title VII claim). See also Franklin v. Consol. Edison Co. of New York, 98 Civ. 2286 (WHP), 1999 WL 796170, at *4 n.2 (S.D.N.Y. Sept. 30, 1999) ("When an action is dismissed without prejudice, it is treated as if it had never been filed. Thus, the general rule is that statutes of limitations are not tolled by bringing an action that is later voluntarily dismissed."); Elgendy, 2000 WL 1119080, at *5 (collecting cases); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2367 (3d ed.) (dismissal without prejudice "effectively erases the dismissed action").

Chalasani's Title VII and § 1981 claims clearly fall within these principles. The Supreme Court held in Johnson v. Ry. Exp. Agency, Inc., 421 U.S. 454 (1975), that a plaintiff was required to file his § 1981 claim within the statutory period, regardless of having filed a related EEOC charge and whether or not he filed a related Title VII claim. Id. at 465-66. The Court of Appeals similarly held that "a Title VII action . . . must be brought within 90 days of receipt of an EEOC right-to-sue letter, and the timely filing of a complaint does not suspend the limitations period." Copeland v. Rosen, 25 F. App'x at 19. "That is, if a plaintiff timely files a Title VII claim that is subsequently dismissed without prejudice, the plaintiff may be time-barred from re-

filing the claim." Baptiste v. Create Young Adult Ctr., 11 Civ. 4474 (NRB), 2012 WL 3834664, at *2 (S.D.N.Y. Aug. 22, 2012).

### B. Equitable Tolling

In response to the defendants' motion to dismiss, Chalasani claims that she is entitled to equitable tolling. In her opposition papers, she raises several arguments. First, she claims that while on a trip to visit her ailing father in India, she lost 20 years' worth of belongings when she was wrongfully evicted in her absence. She also claims that she suffers from major clinical depression due to losing her job and a series of family traumas, including most notably her father's Parkinson's disease and serious renal failure and her sister's death in the terrorist attacks on the World Trade Center on September 11, 2001. This depression led her to take a nearly month-long leave of absence from UCP before she was fired. Because Chalasani has not acted reasonably diligently in pursuing her case and has not sufficiently pleaded a disabling mental illness, she is not entitled to equitable tolling.

#### 1. Standard of Law

"Federal courts have typically extended equitable relief only sparingly." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). "[E]quitable tolling is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003), as amended (July 29, 2003) (internal quotation marks, citations and alterations omitted). "When determining whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." Id. at 80-81 (quoting

Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002)). Such "extraordinary" circumstances may include those "where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion." Id. at 80.

This standard also "requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). "The burden of demonstrating the appropriateness of equitable tolling, however, lies with the plaintiff." Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000). "Pro se filings, although held to more lenient standards, are not excused from establishing these elements." Victorial v. Burge, 477 F. Supp. 2d 652, 654 (S.D.N.Y. 2007).

  2.  Application

    a.  **Chalasani did not act diligently in pursuing her claims.**

Chalasani's claim of equitable tolling fails on the initial prong of the Circuit's requirements. She cannot demonstrate that she has acted with "reasonable diligence"; rather, this is her third re-filing of the same operative complaint, which has already twice been dismissed for failure to prosecute. Even accounting for her admittedly difficult personal life, for which the Court has sympathy, she has not met the Circuit's standard. For instance, in Gager v. Principi, 300 F. App'x 30 (2d Cir. 2008), a summary order affirming a district court's granting of a motion to dismiss, the Court of Appeals rejected a *pro se* plaintiff's claim that she was entitled to equitable tolling on her Title VII complaint for family hardships similar to Chalasani's. "Although [the plaintiff] contends that she lost track of time and dates due to deaths in her family

and her father's illness, these circumstances are insufficient to warrant equitable tolling because she did not act diligently during the ninety-day period." Id. at 31.

Chalasani, similarly, did not act diligently during the relevant ninety-day and four-year periods. This is immediately obvious in regard to the individual defendants, who were named for the first time in the present complaint. Because she took no action against them within the statutory periods, she clearly has not acted diligently as to those defendants, and thus is not entitled to equitable tolling on her claims against them.[2]

While Chalasani has previously sued UCP, a detailed review of the procedural history reveals that her actions do not rise to the level of "reasonable diligence." In Chalasani I, she filed her complaint on January 12, 2010[3] (ECF No. 2) and unsuccessfully requested *pro bono* counsel on February 18, 2011 (ECF No. 14). She requested extensions on November 12, 2010 (ECF No. 10), January 27, 2011 (ECF No. 12) June 13, 2011 (ECF No. 16), and July 13, 2011 (ECF No. 19). Chalasani did not object to Judge Freeman's Report and Recommendation dismissing her case (ECF No. 18), nor does it appear that she appealed Judge Daniels's August 10, 2011 order adopting that report in full (ECF No. 20).

In Chalasani II, which was within the statutory period for her § 1981 claim but not her Title VII claim, she filed her complaint on January 9, 2012 (ECF No. 2) and successfully applied to proceed *in forma pauperis* (ECF No. 1). The service package mailed to her was returned as undeliverable on March 26, 2012. On May 1, 2012, Judge Sullivan issued an order directing Chalasani to update her address with the court by May 15, 2012, and informing her that she would face dismissal if she did not effectuate service within 120 days of filing her complaint

---

[2] Sieler was not served, but any claims against him are similarly time-barred.
[3] Though the docket sheet reflects a date of February 9, 2010, which is the date the complaint is marked as filed, it was stamped "received" by the court on January 12, 2010.

10

(ECF No. 8). On May 22, 2012, he issued his order dismissing Chalasani's case (ECF No. 9). Chalasani updated her address on July 9, 2013 (ECF No. 10) and unsuccessfully moved for reconsideration on August 9, 2013 (ECF No. 11), a request Judge Sullivan denied on August 13, 2013 (ECF No. 12). She unsuccessfully appealed that decision on September 9, 2013 (ECF No. 13).

In this case, Chalasani filed her complaint on September 13, 2013, along with a successful request to proceed *in forma pauperis* (ECF Nos. 1-2). This time, service was effectuated on all defendants except Sieler (ECF Nos. 7-12). On January 14, 2014, Chalasani informed the Court that she would be out of the country until the end of March 2014 due to a family emergency and consented to receiving electronic service (EF Nos. 8, 11). On April 9, 2014, I held an Initial Pretrial Conference at which counsel for defendants appeared but Chalasani did not, and I issued an order on April 10, 2014, directing her to contact defense counsel by April 21, 2014 to reschedule the conference or face dismissal for failure to prosecute (ECF No. 22). On May 13, 2014, having not heard from Chalasani, I issued my Report and Recommendation recommending dismissal (ECF No. 23). On May 29, 2014, Chalasani wrote to the Court indicating her return to the country and her intention to pursue her claims (ECF No. 25), and on June 3, 2014 I vacated my Report and Recommendation (ECF No. 26). The parties all appeared before me for an Initial Pretrial Conference on June 16, 2014. On July 7, 2014, Chalasani requested an extension on the briefing schedule because she again anticipated being out of the country, and I granted her request (ECF No. 30). The defendants filed the present motion to dismiss on August 1, 2014 (ECF No. 32). On September 2, 2014, Chalasani requested another extension due to her absence from the country, which I granted on September 3, 2014 (ECF No. 37). On October 7, 2014, she requested another extension because her return to the

country was delayed, and I again granted her request (ECF No. 38). Chalasani filed her opposition on November 13, 2014 (ECF No. 46), and the defendants filed their reply on November 17, 2014 (ECF No. 47).

Overall, Chalasani has requested numerous extensions and missed many important deadlines, as made clear by the foregoing review of her three cases against UCP. Such repeated dismissals for failure to prosecute display a lack of diligence on the plaintiff's part that negate her claim of equitable tolling.

> **b.   Chalasani has not sufficiently pled mental illness rising to the level of extraordinary circumstances.**

Even if Chalasani had acted diligently, for equitable tolling to apply she would also be required to show that she had suffered an extraordinary circumstance, in this case a mental illness, that led to her untimeliness. Mental illness may entitle plaintiffs to equitable tolling, or at least to an evidentiary hearing to prove that such an illness so entitles them. See Canales v. Sullivan, 936 F.2d 755, 758-59 (2d Cir. 1991), on reh'g, 947 F.2d 45 (2d Cir. 1991) (affording evidentiary hearing to Social Security claimant who alleged mental illness led to her failing to meet the statute of limitations). A plaintiff may not, however, rely on "conclusory and vague claim[s], without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights." Boos, 201 F.3d at 185. "[T]he question of whether a person is sufficiently mentally disabled to justify tolling of a limitation period is, under the law of this Circuit, highly case-specific." Id. at 184. See also Apionishev v. Columbia Univ., 09 Civ. 6471 (SAS), 2011 WL 1197637, at *4 (S.D.N.Y. Mar. 25, 2011) (collecting cases); Rhodes v. Senkowski, 82 F. Supp. 2d 160, 168-69 (S.D.N.Y. 2000) (same). Failure to meet the Boos standard can lead to dismissal, even without an evidentiary hearing. In Davis v. New York City Transit Auth., 73 F. App'x 524 (2d Cir. 2003), a summary

order similar to Gager, the Court of Appeals affirmed the dismissal of a Title VII complaint under Rule 12(b)(6), despite the plaintiff's argument that he was entitled to equitable tolling due to mental and physical illness. The court noted that Davis's testimony at a New York City hearing that he had attended a job training course, worked, and pursued litigation during the period he sought to have tolled "fatally undermined" his argument. Id. at 525.

In her opposition papers, Chalasani claims that her depression, personal hardships and *pro se* status have "made it impossible for her to adequately pursue her cases," because they have left her unable to make decisions about her case, to read or understand court materials, to understand judges' warnings to her, or to locate an attorney. Pl.'s Oppo. at 6-7. As an exhibit, she includes a letter dated January 25, 2013 from Dr. Nasser Sedaghatpour, M.D., a Brooklyn psychiatrist who wrote that Chalasani "is under psychiatric treatment. She is suffering from severe depression and anxiety. She is unable to [m]ake decisions. She is under my care since 01/01/2011, and on medication." Pl.'s Oppo. Ex.11.[4] Her complaint claims that she experiences depression, which has hurt her ability to focus. Citing the Boos standard, Chalasani claims in her opposition that this entitles her to equitable tolling.

Chalasani's conclusory recitation of the Boos standard in her opposition papers and her barebones statement of depression in her complaint do not plausibly allege that she suffered mental illness sufficient to rise to the necessary level of an "extraordinary hardship" for the purposes of equitable tolling. "[D]epression or illness alone are not sufficient to justify equitable tolling . . . ." Apionishev, 2011 WL 1197637, at *6. Although Chalasani claims she was unable

---

[4] The Court may consider this extrinsic document on a motion to dismiss because doing so presents no harm to the plaintiff. See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.").

to read or understand court documents, she was nonetheless able to file an EEOC complaint and three federal court complaints, move for reconsideration and appeal that denial to the Court of Appeals, and send multiple letters to this Court, including objections to my previous Report and Recommendation to dismiss her claims. While such activity does not rise to the level of "reasonable diligence," it is too much to suggest that she was completely unable to act on her own behalf.[5]

In Victorial, a district court dismissed the *habeas corpus* petition of a *pro se* plaintiff pursuant to Rule 12(b)(6) despite his claim that he had "'been diagnosed with a mental disorder.'" 477 F. Supp. 2d at 655 (citation omitted). Examining the Boos standard, the court noted the tension between the plaintiff's actions and his claim of mental illness meriting equitable tolling.

> [D]uring the time period of mental illness claimed by Victorial, he defended himself in his original trial, filed two appeals, and instituted the instant petition, and Victorial offers no explanation as to why he was able to diligently perform those tasks but was unable to file his petition within the one-year time limit. Victorial's mental illness also appears to be ongoing, continuing to have effect even as he filed his affirmation to the court to argue for extraordinary circumstances. Thus, Victorial's claim of mental illness does not demonstrate incapacitation and, as a result, falls short of establishing extraordinary circumstances.

Id. (internal citations omitted).

Chalasani encounters the same problem that Victorial did: she has missed critical deadlines and claims an inability to act on her own behalf, yet she has also filed numerous

---

[5] The Court is mindful that strict application of this standard may place a plaintiff in a precarious position: a legitimately mentally ill plaintiff may have acted too diligently to show mental disability, or "extraordinary circumstances," but not diligently enough to meet the standard of "reasonable diligence" to satisfy equitable tolling due to their disability. While recognizing the inherent tension in this standard, such a hypothetical is not present here. The plaintiff's actions have revealed an ability to respond to Court orders and to request numerous extensions alongside a repeated pattern of missing deadlines.

documents on her own behalf during the period of alleged mental illness. On this second prong of the Zerilli-Edelglass standard, her arguments also fail, as she has not plausibly alleged a mental illness that incapacitated her, nor could she easily do so given the procedural history of her claims.

### C. Individual Defendants

In their reply brief to the Court, defendants argue that Judge and Kelly (and, presumably, unserved defendant Sieler) are not individually liable under Title VII. It is well established that "[a]rguments may not be made for the first time in a reply brief." Knipe v. Skinner, 999 F.2d 708, 711 (2d Cir. 1993). See also Keefe on Behalf of Keefe v. Shalala, 71 F.3d 1060, 1066 n.2 (2d Cir. 1995) ("Normally, we will not consider arguments raised for the first time in a reply brief . . . ."); Schear v. Food Scope Am., Inc., 297 F.R.D. 114, 130 (S.D.N.Y. 2014) (quoting Knipe); Rowley v. City of New York, 00 Civ. 1793 (DAB), 2005 WL 2429514, at *5 (S.D.N.Y. Sept. 30, 2005) ("This Circuit has made clear it disfavors new issues being raised in reply papers."); 11 Moore's Federal Practice § 56.83, n.5.1 (Matthew Bender 3d ed.) ("New arguments in reply may be disregarded."). Thus, this argument will not be considered. Nonetheless, the same timeliness analysis applies to both the individual defendants and UCP.

### CONCLUSION

For the reasons discussed above, the defendants' motion to dismiss under Rule 12(b)(6) should be GRANTED as to all counts of the complaint.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    New York, New York
          February 13, 2015

15

\* \* \*

### NOTICE OF PROCEDURE FOR FILING OBJECTIONS
### TO THIS REPORT AND RECOMMENDATION

The plaintiff has previously advised the Court that she will be out of the country and unable to respond to any Court order until April 2015. Accordingly, absent further order from the Honorable Lewis A. Kaplan, any objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure must be filed by April 30, 2015. A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Lewis A. Kaplan at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Kaplan. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

cc: Sandhya Chalasani (*By Chambers*)
148-35 87th Avenue
Jamaica, NY 11435
sandhyachalasani1@yahoo.com